```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| vs. | * | |
| DAPHENE ANN CASTILLE, JAMAL HAKEEM CASTILLE, TERRELL MAURICE MARS, and JOHNERSON ALEXANDER ADAMS, | * * * | CASE NO. 4:08-CR-40 (CDL) |
| Defendants. | * * | |

O R D E R

Presently pending before the Court are various motions filed *pro se* by Defendants Daphene Castille, Jamal Castille, and Terrell Mars (Docs. 51-58 & 60-67). For the following reasons, the Court denies each of Defendants' motions except those made in documents 51, 55, and 57; the Court will rule on these motions after a hearing.

BACKGROUND

On November 4, 2008, Defendants Daphene Castille, Jamal Castille, and Terrell Mars were arraigned on a two count indictment alleging conspiracy to distribute cocaine and conspiracy to distribute cocaine base. Each Defendant was represented by counsel. On January 9, 2009, the Government filed a motion for continuance, stating:

> Discovery in this case is ongoing and incomplete. Additionally, the parties represent that continued plea negotiations could be fruitful. The government and counsel for defendants Daphne Castille and Terrell Mars consent to a continuance; counsel for defendant Jamal Castille does not object to a continuance.

1

(Gov't's Mot. for Continuance ¶ 2.) On January 9, 2009, the Court granted a consent order continuing the trial until the next regularly-scheduled trial term in September, 2009. The Court determined that (1) the ends of justice served by granting the continuance outweighed the best interests of the public and Defendants in a speedy trial, and (2) a failure to grant the continuance would deny counsel for Defendants and the Government sufficient time to prepare the case for trial. *See* 18 U.S.C. §§ 3161(h)(7)(A), (B)(iv).

Defendants, acting *pro se*, have filed various motions expressing their displeasure with the continuance. Specifically, Defendant Mars filed individual motions (1) to substitute counsel (Doc. 51); (2) to dismiss his indictment pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq.*, (Docs. 53 & 61); (3) for sanctions (Doc. 60); and (4) to expedite consideration of his motions (Doc. 62). Defendant Daphene Castille filed individual motions (1) to dismiss her indictment pursuant to the Speedy Trial Act (Docs. 54 & 64); (2) for sanctions (Doc. 63); and (3) to expedite consideration of her motions (Doc. 65). Defendant Jamal Castille filed individual motions (1) to disqualify counsel (Docs. 55 & 57); (2) to reconsider the Court's order granting the continuance (Doc. 56); (3) to dismiss his indictment pursuant to the Speedy Trial Act (Docs. 58 & 66); and (4) to expedite the consideration of his motions (Doc. 67). Additionally, Defendants Mars, Jamal Castille, and Daphene Castille

filed a joint motion for speedy trial and for reconsideration of the Court's order granting the continuance (Doc. 52).

## DISCUSSION

Defendants first contend that because counsel failed to consult with them prior to consenting to the Government's motion for continuance, their rights under the Speedy Trial Act have been violated. Defendants Mars and Jamal Castille also seek to disqualify their counsel based on counsel's alleged fraudulent consent to the continuance. The Court will address these contentions in turn.

**I. Alleged Speedy Trial Act Violations**

The Speedy Trial Act generally requires that a trial "shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). This seventy-day time period may be tolled when a court determines that "the ends of justice served" by granting a continuance "outweigh the best interest of the public and the defendant in a speedy trial." *Id.* § 3161(h)(7)(A). Defendants argue that their attorneys' failure to consult with them before consenting to the motion for continuance is a violation of their right to a speedy trial.

The Court finds it unnecessary to address the merits of Defendants' motions because Defendants are not permitted to file these motions *pro se* while they are represented by counsel. "It is

3

settled law that a defendant has the right to represent himself in a criminal trial and that he has the right to the assistance of counsel." *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (citations omitted).[1]  "The criminal defendant does not have the right, however, to a 'hybrid representation,' partly by counsel and partly by himself." *Id.*  In other words, "the right to counsel and the right to proceed *pro se* exist in the alternative." *United States v. LaChance*, 817 F.2d 1491, 1498 (11th Cir. 1987).  Although a court may grant permission for hybrid representation, the decision to do so "rests in the sound discretion of the trial court." *Id.*

By filing their motions *pro se*, Defendants engage in hybrid representation without first seeking the Court's permission to do so. Under such circumstances, "[a] district court has no obligation to entertain pro se motions filed by a represented party." *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001).  Accordingly, the Court declines to consider and consequently denies the motions in the documents numbered 52, 53, 54, 56, 58, 60, 61, 62, 63, 64, 65, 66, & 67.  *See, e.g., id.* at 685 (noting that the district court did not err when it denied a represented defendant's *pro se* motion without considering its contents); *see also United States v. Tracy*, 989 F.2d 1279, 1285 (1st Cir. 1993) ("A district court enjoys wide latitude in

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

managing its docket and can require represented parties to present motions through counsel. The district court did not abuse its discretion in refusing to consider [the defendant's] unsigned, *pro se* motions.").[2]

## II. Disqualification of Counsel Motions

Defendants Mars and Jamal Castille have also filed motions seeking to disqualify and discharge their respective attorneys (Docs. 51, 55, & 57). Defendants contend that their attorneys "conspired with the government in secrecy to consent [to the continuance] without the defendant[s'] awareness, violating [their] rights to a speedy [trial]." (Def. Mars's Mot. to Remove Counsel Due to Ineffectiveness 1.) Both Defendants request that the Court remove their current attorneys and appoint new counsel to represent them. An indigent defendant, however, generally does not have the right to

---

[2] Even if the Court were to reach the merits of Defendants' motions, it would still deny them. Defendants were each represented by counsel when the continuance was granted. Based in part on the representations of Defendants' attorneys, the Court determined that a continuance was necessary to serve the ends of justice because (1) discovery was incomplete and ongoing; (2) continued plea negotiations could be fruitful; and (3) more time was necessary to allow the parties to effectively prepare for trial. A represented Defendant is bound by his attorney's decisions "unless an attorney's actions effectively deny the defendant his sixth amendment right to the assistance of counsel[.]" *Daniels*, 572 F.2d at 540. In light of their attorneys' representations that failure to grant the continuance would deny them the reasonable time necessary to effectively prepare for trial, the Court cannot conclude that granting the continuance denied Defendants their right to the assistance of counsel. Defendants are therefore bound by their attorneys' actions, and the seventy-day speedy trial time limit is tolled pursuant to 18 U.S.C. § 3161(h)(7)(A).

5

select a particular court-appointed attorney to represent him.[3] *See, e.g., United States v. Garey*, 540 F.3d 1253, 1263 (11th Cir. 2008). "In practical terms, then, defendants who lack the means to hire a private attorney must either accept the counsel appointed to represent them or represent themselves." *Id.* at 1263-64. A defendant may waive his right to counsel and invoke his right to self-representation by engaging in "a cooperative dialogue with the court." *Id.* at 1257. The Eleventh Circuit has held that "the ideal method" of engaging in this dialogue "is for the trial court to conduct a pretrial hearing at which the district court should inform the defendant of the nature of the charges against him, possible punishments, basic trial procedure and the hazards of representing himself." *Id.* at 1266 (internal quotation marks omitted). The Court should attempt to engage the defendant in this dialogue "whenever a defendant expresses a desire to waive his right to counsel, whether affirmatively or by his conduct." *Id.* at 1267. Accordingly, to the extent Defendants' motions can be construed as an indication that Defendants may wish to proceed without counsel, the Court will schedule a hearing to advise Defendants of their rights regarding self-representation and the risks of proceeding without counsel. The

---

[3]There are, of course, exceptions to this general rule. For example, a defendant who "establishes counsel is incompetent or suffers from an actual conflict of interest . . . is entitled to the appointment of substitute counsel." *Garey*, 540 F.3d at 1266 n.6. These exceptions do not appear applicable to the facts of this case.

6

Court will rule on Defendants' motions to remove counsel at that time.

## CONCLUSION

For the foregoing reasons, the Court denies Defendants' motions relating to violations of the Speedy Trial Act (Docs. 52, 53, 54, 56, 58, 60, 61, 62, 63, 64, 65, 66, & 67). The Court will rule on Defendants' motions to disqualify counsel (Docs. 51, 55, & 57) after a hearing.

IT IS SO ORDERED, this 13th day of April, 2009.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE