# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| TERRELL MAURICE MARS, | * | |
| Petitioner, | * | |
| vs. | * | CASE NO. 4:08-CR-40 CDL MSH<br>28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner Mars was indicted on October 29, 2008, in a three count indictment alleging conspiracy to distribute cocaine and possession with intent to distribute cocaine, in violation of Title 18, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 856(a)(1), respectively, as wells as bank robbery in violation of 18 U.S.C. § 2113(a). (ECF No. 10.) Petitioner ultimately pled guilty to bank robbery on February 5, 2010. (ECF Nos. 109, 130.) Thereafter, on April 2, 2010, Petitioner filed a motion for withdrawal of his guilty plea, which was denied by the Court after a hearing on April 13, 2010. (ECF No. 125, 147.) Petitioner's counsel was allowed to withdraw, and Petitioner was appointed new counsel for sentencing.[1] (ECF Nos. 127, 147.)

On May 27, 2010, Petitioner was sentenced to a term of imprisonment of 210 months and restitution in the amount of $200,000. (ECF No. 148.) Petitioner filed a timely Notice of Appeal on June 14, 2010. (ECF No. 140.) On April 21, 2011, the

---

[1] William L. Kirby, II, who was appointed to serve as counsel for sentencing and appeal purposes in this case, is now deceased.

Eleventh Circuit affirmed Petitioner's sentence. (ECF No. 162.) The United States Supreme Court thereafter denied Petitioner's request for a writ of certiorari on November 7, 2011. (ECF No. 168.) Petitioner filed his current Motion to Vacate, Set Aside or Modify Sentence pursuant to 18 U.S.C. § 2255 on October 22, 2012. (ECF No. 171.) Petitioner's motion is ripe for review.

## DISCUSSION

A thorough review of Petitioner's § 2255 motion reveals three grounds for relief. All three grounds for relief allege ineffective assistance of Petitioner's first counsel. (Pet'r's Pet. 3, ECF No. 171)

### I. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient and that he was prejudiced by the inadequate performance. *Strickland v. Washington*, 466 U.S. 668 (1984); *Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). However, "[a] court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter,* --- U.S. ---, 131 S.Ct. 770, 787 (2011) (quoting *Strickland,* 466 U.S. at 688 (1984)).

The United States Supreme Court has held that an intelligent and voluntary guilty plea made with the assistance of competent counsel is free from collateral attack. *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Nevertheless, the two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill*

2

*v. Lockhart,* 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same: the attorney's conduct must be shown to have fallen outside the range of reasonable conduct. *Hill,* 474 U.S. at 58. Counsel need only provide a client who pleads guilty with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial. *Wofford v. Wainwright,* 748 F. 2d 1505, 1508 (11th Cir. 1984). The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill,* 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, Petitioner must show that there is a reasonable probability that, but for counsel's errors, Petitioner would not have pled guilty and would have insisted on going to trial. *Id.*

### A. Ground One

In Ground One, Petitioner argues that his trial counsel was ineffective for inducing him to plead guilty to the crime of bank robbery and not allowing him to proceed to trial. (Pet'r's Pet. 4.) Petitioner argues that his counsel "grossly misled and misadvised [him] as to actual facts surrounding the superseding indictment, potential sentence exposure and applicable laws in persuading [Petitioner] to accept and enter the plea." (Pet'r's Reply 1; ECF No. 175.)

The record before the Court demonstrates, however, that Petitioner voluntarily, knowingly, and understandably pled guilty to the manufacture of marijuana in violation of 21 U.S.C. § 841(a)(1). (ECF No. 33.) Specifically, during the plea colloquy at Petitioner's plea hearing, the Court thoroughly questioned Petitioner on his understanding

of the charges to which he was pleading guilty, as well as the voluntariness of his plea. (Plea Hr'g Tr. 10-18; ECF No. 130.) Following the change of plea hearing, Petitioner filed a motion to withdraw his guilty plea. (ECF No. 125.) At the hearing on his motion to withdraw his guilty plea, the Court allowed Petitioner to state all of the reasons he felt his guilty plea should be withdrawn, including all of the allegations against his counsel. (Hr'g Tr. 4-11; ECF No. 147.) The Court foundthat to the extent any coercion existed, it was assuaged by the plea colloquy. (*Id.*) The Court reminded Petitioner that, among other things, he had signed the plea agreement and had been questioned as to whether he had been coerced into or promised anything in return for entering guilty to the bank robbery charge. (Hr'g Tr. 4.) Particularly, Petitioner was reminded that he testified that he had received no promise from anyone beyond what the Government said it would do for him. (Hr'g Tr. 18, ECF No. 130). Petitioner also stated during his plea hearing that he was aware that he could not rely on and should not enter his plea based on any sentencing estimate that anyone, including his attorney, had stated to him. (*Id.* at 10). Furthermore, Petitioner never expressed or implied that he wished to have a trial on the issues or that he was wavering in any way on his decision to plead guilty. (*Id.*) The Court ultimately found no reason to allow Petitioner to withdraw his guilty plea, but did allow counsel to withdraw from the case. (*Id.* at 13-15.)

Petitioner raised the issue of the denial of his motion to withdraw his guilty plea in his direct appeal to the Eleventh Circuit. *United States v. Mars*, 419 F. App'x 913 (11th Cir. 2011). The Court there found that the trial court did not abuse its discretion by

denying Petitioner's motion to withdraw his guilty plea based on Petitioner's claims of coercion by his counsel. *Id.* at 914.

Pursuant to the record, then, it is clear that Petitioner's claims are barred by the law of the case. "'Under the law of the case doctrine, an issue decided at one stage of a case is binding at later stages of the same case,' unless a later trial produces substantially different evidence, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *United States v. Pickett*, 2013 WL 323235, *2 (11th Cir. 2013) (citation omitted). The issue of whether Petitioner's counsel coerced him to plead guilty to bank robbery has been decided adversely to him, and his claims cannot be re-litigated here. Because there has been no finding that coercion existed, Petitioner's claim of ineffective assistance of counsel as to Ground One must fail.

**B.    Ground Two**

In his second ground for relief, Petitioner contends that his plea was involuntary due to counsel's "gross misadvice (sic) regarding the facts surrounding the superseding indictment and guaranteed sentence range." (Pet'r's Reply to Gov't's Resp. 7, ECF No. 175.) Petitioner also argues that he was given inaccurate information by his counsel when he was told that his co-defendants had gone before the grand jury to testify about the bank robbery. (*Id.*) Petitioner further contends that counsel refused to investigate his claims that he had an alibi witness who could attest to his whereabouts on the date and time of the bank robbery. (Pet'r's Pet. 9, 10.) As such, Petitioner contends that his plea

5

should be deemed involuntary because his counsel provided "infirm advice contrary to the facts and applicable laws." (Pet'r's Pet. 4.)

Based on the findings as discussed in in Ground One, it is clear that Petitioner's plea was knowing and voluntary. Thus, those claims must fail. As to his claim that his counsel refused to investigate his alibi, Petitioner is not entitled to relief. It has been determined that Petitioner voluntarily chose to plead guilty to the crime of bank robbery. Consequently, Petitioner's counsel would have no reason to investigate an alibi witness for a crime to which Petitioner was pleading guilty.

### C. Ground Three

In his last ground for relief, Petitioner argues that he was deprived of effective assistance of counsel because "counsel's protected interest from self-incrimination prevented representation of [Petitioner] as guaranteed by the Sixth Amendment." (Pet'r's Pet. 4.) Petitioner contends that his motion to withdraw his plea based on coercion by his counsel created an actual conflict of interest which violated his Sixth Amendment right to counsel. (*Id.* at 18, 19.) Once again, however, the record reveals that Petitioner is not entitled to relief on this ground.

A review of the record establishes that per Petitioner's request, counsel filed a motion to withdraw his plea. (ECF No. 125.) Based on Petitioner's motion to withdraw his guilty plea, Counsel then filed a motion to withdraw from further representation of Petitioner as well as a motion for appointment of substitute counsel. (ECF No. 127.) In the motion, counsel provided the Court with Petitioner's reasons for wanting to withdraw his plea, including Petitioner's claims of coercion against counsel. (*Id.* at 2.) At the

6

hearing, Petitioner was allowed to explain to the Court why he felt he was coerced into pleading guilty, and did so at length. (ECF No. 147.) After hearing Petitioner's claims, the Court denied his motion to withdraw his plea, but allowed substitution of counsel for purposes of sentencing and appeal. (*Id.*) As discussed *supra,* the Court found that Petitioner had voluntarily pled guilty to the charge of bank robbery in this case.

The Eleventh Circuit has found that a petitioner must show an actual conflict of interest that is "more than a possible, speculative, or a merely hypothetical conflict." *Reynolds v. Chapman*, 253 F.3d 1337, 1342–43 (11th Cir. 2001) (internal quotation omitted). Petitioner has made allegations of coercion and misleading statements by his counsel, but has wholly failed to prove that coercion occurred. As to Petitioner's claim that his counsel's actions created an actual conflict of interest, it is found that even were he able to show that a conflict existed, he cannot establish prejudice in this instance as is required by *Strickland*. Because he pled guilty, Petitioner avoided being tried for significant drug crimes which could have exposed him to a much greater sentence. As the Government correctly stated in its brief, counsel's conduct in limiting Petitioner's potential sentencing exposure, "despite the magnitude of the offense committed, is indicative of effective counsel and is entitled to the presumption of effectiveness." (Resp't's Br. 17, ECF No. 174.) Therefore, Petitioner's claim is wholly without merit.

## IV. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Title 28, United States Code,

Section 2253(c) provides:

> (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from —
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of a process issued by a State court: or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under ¶ (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under ¶ (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case should be denied.

## CONCLUSION

**WHEREFORE, IT IS RECOMMENDED** that Petitioner Mars's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner and/or the Government may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 25th day of April, 2013.

                                                  **S/ STEPHEN HYLES**
                                                  **UNITED STATES MAGISTRATE JUDGE**