IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : CASE NO. 4:08-CR-40-CDL-MSH |
| | : |
| TERRELL MAURICE MARS, | : |
| | : |
| Defendant. | : |
| _____ | |

**ORDER AND RECOMMENDATION**

Pending before the Court is Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF No. 200). This is Defendant's second motion for compassionate release, and for the following reasons, it is recommended that the motion be denied.

**BACKGROUND**

On February 5, 2010, Defendant pleaded guilty under a superseding indictment to one count of bank robbery in violation of 18 U.S.C. § 2113(a). Change of Plea, ECF No. 110; Superseding Indictment 2-3, ECF No. 87. On April 1, 2010, Defendant, through counsel, moved to withdraw his guilty plea (ECF No. 125). That motion was denied on April 13, 2010. Minute Entry 1, ECF No. 128. Before sentencing, the United States Probation Office ("USPO") prepared a pre-sentence report ("PSR") using the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") (ECF No. 203). The USPO calculated a Guidelines sentencing range of 168 to 210 months. PSR ¶ 99, ECF No. 203. On May 27, 2010, the Court sentenced Defendant to 210 months imprisonment followed by 3 years

of supervised release.  Judgment 2-3, ECF No. 138.  On the same day, the Court revoked Defendant's supervised release on a prior bank robbery conviction and sentenced him to 30 months imprisonment consecutive to his sentence in this case.  Judgment 1-2, *United States v. Terrell Maurice Mars*, No. 4:99-CR-12-CDL (M.D. Ga. May 27, 2010), ECF No. 120.

Defendant appealed his conviction and sentence, but the United States Court of Appeals for the Eleventh Circuit affirmed  the judgment (ECF Nos. 140, 162).  Defendant moved to vacate his sentence in October 2012, but the Court denied the motion on May 31, 2013 (ECF Nos. 171, 178).  On June 21, 2016, the Eleventh Circuit denied Defendant's request to file a second or successive motion to vacate (ECF No. 187).

The Court received Defendant's first motion for compassionate release on April 21, 2020 (ECF No. 194).  Defendant sought compassionate release based on the risk posed by Covid-19 and his comorbidities, including asthma and bronchitis.  1st Mot. for Compassionate Release 6, ECF No. 194.  After reviewing the motion and all available records, and after considering the factors set forth in 18 U.S.C. § 3553(a), the Court denied the motion on May 7, 2020 (ECF No. 195).

The Court received Defendant's second motion for compassionate release on May 24, 2021 (ECF No. 200).  In his motion, Defendant argues that he is entitled to compassionate release due to his increased risk from Covid 19 as a result of his underlying health conditions, specifically his "chronic severe" asthma, acute upper respiratory infection, chest pains, shortness of breath, and his status as an African-American male.  2d Mot. for Compassionate Release 3, 13, ECF No. 200.  He states he contracted Covid-19 on

December 19, 2020, and remained in quarantine due to his symptoms until mid-January 2021. *Id.* at 9. He also notes that he has served the majority of his prison sentence and presents evidence of efforts to rehabilitate himself while incarcerated. *Id.* at 5; Def.'s Exs. 77-98 (rehabilitative certificates).

On June 8, 2021, the Court ordered the Government to respond to Defendant's motion, which it did on August 3, 2021 (ECF Nos. 201, 205). Defendant's second motion for compassionate release is ripe for review.

## DISCUSSION

A district court "'may not modify a term of imprisonment once it has been imposed except' under certain circumstances." *United States v. Harris*, 989 F.3d 908, 909 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)). One circumstance is the compassionate release exception provided in 18 U.S.C. § 3582(c)(1)(A). *Id.* at 909-10. Under that section, a prisoner may obtain compassionate release if, "after considering the factors set forth in [18 U.S.C. § 3553(a)]," the district court finds that "extraordinary and compelling reasons warrant such reduction . . . and that such reduction is consistent with applicable policy statements issued by the Sentencing Commission."[1] 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's policy statement for compassionate release is found at U.S.S.G. § 1B1.13. Under the policy statement, a defendant must show that he "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

---

[1] In addition to extraordinary and compelling reasons warranting a reduction, compassionate release may also be granted to a defendant who is over 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). 18 U.S.C. § 3582(c)(1)(A)(ii). This provision is inapplicable to Defendant.

3

U.S.S.G. § 1B1.13(2). Further, a defendant must show that "extraordinary and compelling reasons warrant the reduction." U.S.S.G. § 1B1.13(1)(A). A defendant bears the burden of proving entitlement to compassionate release. *See United States v. Mantack*, 833 F. App'x 819, 819-20 (11th Cir. 2021) (per curiam) (citing *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014)).

Pretermitting whether Defendant continues to be a danger to the community, he fails to show extraordinary and compelling reasons warranting compassionate release. The Sentencing Commission policy statement provides four circumstances that constitute extraordinary and compelling reasons for a sentence reduction. U.S.S.G. § 1B1.13 cmt. n.1. The first is a qualifying medical condition. U.S.S.G. § 1B1.13 cmt. n.1(A). A medical condition qualifies if "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)." U.S.S.G. § 1B1.13 cmt. n.1(A)(i). A defendant need not show a "probability of death within a specific time period," and "[e]xamples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* In the alternative, a defendant's medical condition qualifies if he or she is:

> (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).

The second and third circumstances qualifying as extraordinary and compelling reasons are the defendant's age and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(B), (C). Here, Defendant is neither over the age of sixty-five, nor does he rely on family circumstances, so these circumstances are inapplicable to him. *Id.*

The fourth circumstance is "other reasons," which is where "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1(D). "'[O]ther reasons' are limited to those determined by the [BOP], not by courts." *United States v. Lee*, No. 20-13911, 2021 WL 2072164, at *1 (11th Cir. May 24, 2021) (per curiam) (citing *United States v. Bryant*, 996 F.3d 1243, 1247-48 (11th Cir. 2021)). Therefore, a district court lacks the authority to determine if a defendant's circumstances qualify as an "other reason" under U.S.S.G. § 1B1.13 cmt. n.1(D). *Bryant*, 996 F.3d at 1263. There is no evidence that the BOP has determined that Defendant presents an extraordinary and compelling reason for compassionate release. Thus, the fourth circumstance does not apply to him either.

As for the first circumstance, Defendant's medical records do not show a qualifying medical condition as defined by U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant cites his asthma and other respiratory issues, but there is no evidence that these conditions are terminal as required by U.S.S.G. § 1B1.13 cmt. n.1(A)(i). Further, the medical records show that he receives appropriate treatment for these conditions. Def.'s Exs. 21-72.

Defendant also does not have a serious medical condition that "substantially diminishes" his ability to provide self-care in the prison and from which he is not expected

5

to recover. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Defendant relies on CDC guidance to argue that his asthma and other medical conditions place him at higher risk of severe illness due to Covid-19, and the Government concedes that chronic asthma *may* in certain cases constitute a serious medical condition in light of the risk posed by Covid-19. 2d Mot. for Compassionate Release 5; Gov't Resp. 11, ECF No. 205. However, "a person's medical condition is not automatically extraordinary and compelling because it appears on the CDC's list of underlying medical conditions that increase the risk for a severe COVID-19 outcome." *United States v. Moore*, No. 14-315-06, 2020 WL 7264597, at *3 (E.D. Pa. Dec. 10, 2020). Instead, "the CDC guidance on the risks of COVID-19 must be viewed in light of the medical history and circumstances of the individual moving for compassionate release." *Id.*

As noted by the Government, the evidence does not show that Defendant's asthma is that serious. Gov't Resp. 11-13; *see* Gov't Exs. 1-9, ECF Nos. 205-1, 205-2, 205-3, 205-4, 205-5, 205-6, 205-7, 205-8, 205-9. While Defendant tested positive for Covid-19 in December 2020, he presents no evidence to support his claim that he suffered any serious ramifications. Def.'s Exs. 25; 2d Mot. for Compassionate Release 9, 14. An April 23, 2021, clinical note reported that Defendant did not appear to be in distress, was not wheezing or coughing and appeared well, alert, and oriented. Gov't Ex. 9. Since April 2021, he has tested negative for Covid-19 four times. Gov't Exs. 10-13, ECF Nos. 205-10, 205-11, 205-12, 205-13. Thus, Defendant fails to show an extraordinary and compelling reason as defined by U.S.S.G. § 1B1.13 cmt. n.1.

Despite the explicit directive of 18 U.S.C. § 3582(c)(1)(A), however, Defendant contends that the Court is not bound by U.S.S.G. § 1B1.13 and has the discretion to determine on its own whether an "extraordinary and compelling" reason justifies compassionate release under § 3582(c)(1)(A). 2d Mot. for Compassionate Release 6-7. In support, he cites cases from the Second, Fourth, Sixth, and Seventh Circuits. *Id.* at 6-7 n.3. These courts concluded that U.S.S.G. § 1B1.13 is not binding on district courts when a defendant—as opposed to the BOP—files a motion for compassionate release because the Sentencing Commission did not update the policy statement following passage of the First Step Act to account for defendant-filed motions.[2] *See, e.g., United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (concluding that until such update occurred, "district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion"). An Eleventh Circuit panel, however, broke from other circuits and concluded in a published opinion that the Sentencing Commission's policy statement found at U.S.S.G. § 1B1.13 applies to defendant-filed motions for compassionate release despite the Sentencing Commission's failure to update the policy statement following enactment of the First Step Act. *Bryant*, 996 F.3d at 1248, 1262. Therefore, binding circuit precedent now forecloses Defendant's argument.

---

[2] Prior to enactment of the First Step Act, compassionate release was available only upon a motion from the Director of the BOP. The First Step Act authorized prisoners to move directly for a sentence reduction in district court after exhausting all administrative remedies. Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018). The Government concedes that Defendant properly exhausted his administrative remedies. Gov't Resp. 6-7.

7

Moreover, even assuming there are extraordinary and compelling reasons—whether as defined by U.S.S.G. § 1B1.13 cmt. n.1 or otherwise—compassionate release is inappropriate after considering the factors set forth in 18 U.S.C. § 3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

*United States v. Macli*, 842 F. App'x 549, 552 n.1 (11th Cir. 2021) (per curiam) (citing 18 U.S.C. § 3553(a)).

Weighing heavily against Defendant are the first three factors listed above, which are codified at 18 U.S.C. § 3553(a)(1), (2)(A), and (2)(B). Defendant's conviction in this case constituted his third armed robbery conviction. His first armed robbery occurred in 1994 when he was sixteen years old and involved Defendant and three other perpetrators robbing a pharmacy. PSR ¶ 62. During the robbery, guns were held to the heads of the victims. *Id.* Defendant failed to appear for a court hearing, and he was not sentenced until 1999. *Id.* He was sentenced to ten years imprisonment—concurrent with the federal sentence discussed below—and was paroled in 2008. PSR ¶ 61.

Defendant's second armed robbery occurred in 1999 and involved himself and two co-defendants robbing a bank with handguns. PSR ¶ 72. Defendant and his cohorts stole

8

$90,754 from the bank. *Id.* Defendant was sentenced in 1999 by this Court to 115 months imprisonment and was released in June 2008. PSR ¶ 71.

Undeterred by his previous incarceration for armed robbery, Defendant committed his third armed robbery a few months after his release. He and another perpetrator entered a bank with pistols and started yelling obscenities and threatening to shoot everyone inside. PSR ¶ 11. Defendant pointed a gun at the bank manager's head and made her enter the bank vault while he emptied its contents. *Id.* Meanwhile, his cohort bound everyone's hands. *Id.* The robbers took approximately $200,000. *Id.* ¶ 13. Defendant admitted that the purpose of the robbery was to finance his plan to distribute narcotics. Plea Agreement 9, ECF No. 109.

Defendant contends he is a changed person and points to his behavior and completion of education and vocational training programs. 2d Mot. for Compassionate Release 18-20. The Court recognizes—as Defendant points out—that he may be appropriately rewarded for these efforts by statutory or BOP policies allowing for time credits toward his sentence. *Id.* at 2-3, 18; Def.'s Exs. 5-8. The Court also recognizes that Defendant has served the majority of his sentence. Nevertheless, that does not render the remainder of his sentence meaningless. Compassionate release or reduction of Defendant's sentence by the Court would not reflect the seriousness of the offense or Defendant's violent and extensive criminal history, promote respect for the law, serve as a deterrent, or provide just punishment for his crimes.

The Court has also considered the need to provide Defendant "with needed . . . medical care . . . in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). In this regard,

the medical records show that Defendant receives good medical care in prison. As for the risk of re-infection posed by Covid-19, the BOP has implemented its COVID-19 Vaccine Guidance and has begun administering vaccines to inmates housed in its facilities. Fed. BOP Clinical Guidance, COVID-19 Vaccine Guidance (Mar. 11, 2021 v.11.0), available at https://www.bop.gov/resources/pdfs/covid19_vaccine_guidance_20210311.pdf (last visited August 26, 2021). The availability of the vaccine should greatly minimize Defendant's possible future exposure to the Covid-19 virus. Further, the BOP has implemented procedures to mitigate the risk of infection. Federal Bureau of Prisons, BOP Modified Operations, https://www.bop.gov/coronavirus/covid19_status.jsp (updated Nov. 25, 2020).

Finally, the Court has considered the remaining factors in § 3553(a) and, to the extent they are applicable, finds that none of them provide sufficient weight to justify Defendant's release. Thus, as an additional and alternative ground for denial of Defendant's motion for compassionate release, the Court finds that even if Defendant established extraordinary and compelling reasons, release is not warranted after consideration of the § 3553(a) factors.

## CONCLUSION

For the foregoing reasons, it is recommended that Defendant's second motion for compassionate release (ECF No. 200) be **DENIED**. His motion to amend his proposed release plan (ECF No. 202) is **DENIED AS MOOT**.[3] Pursuant to 28 U.S.C. § 636(b)(1),

---

[3] Within his second motion for compassionate release, Defendant requests appointed counsel. 2d Mot. for Compassionate Release 1. There is no statutory or constitutional right to appointment of

the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO ORDERED and RECOMMENDED, this 27th day of August, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

counsel for compassionate release motions. *See United States v. Courson*, 835 F. App'x 546, 547 (11th Cir. 2021) (per curiam) (citing *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009), in connection with motion under 18 U.S.C. § 3582(c)(2)). Instead, the matter is left to the discretion of the district court, "guided by factors such as the complexity of the legal issues." *Id.* Here, the legal issues are not complex. Therefore, Defendant's motion for appointed counsel is **DENIED**.